Richardson, J.
dissenting. In this case the plaintiff gave good evidence of his demand to the amount of sixty-one dollars ; but the defendant then gave counter evidence that reduced the debt to fifteen dollars and interest. The plaintiff could not be non-suited upon the defendant’s evidence; so the judge decreed for the $15 and interest.
The case of Nance vs. Palmer, decided by the court of appeals, (2 Bailey R. 88,) was in the same situation ; but the sum, pro. was referred to the decisiozi of a jury, who found *171 for the plaintiff $14. Upon this verdict, judgment was given for the amount of the verdict; and the, court of appeals supported the judgment as within the proper jurisdiction of the court. Now, if in that case the presiding judge had given a decree for $14, could that have taken the case out of the jurisdiction? Whether upon verdict or decree, it is the Judge that gives the judgment within his jurisdiction. The jury were no more than the agents of the court, in order to fix the amount of the defendants indebtedness ; which being so fixed, the judge gives judgment to the plaintiff. The verdict cannot make jurisdiction. If the case be without the jurisdiction, the verdict is a legal nullity upon which no judgment can be awarded by the judge. Even the consent of the litigants, an award, or a confession of judgment cannot give jurisdiction. The case would be out of court and void perse. But, in all such cases, the want of jurisdiction must appear from the case itself, as an inference from its facts.
Apply -the case of Nance vs. Palmer, to the one before us, If the judge had referred Sanders vs. Gage to the jury, and they had found $15 due, the verdict would have stood, and the judgment of the court would have been right. But the judge, without requiring the aid of the jury, gives judgment for that amount, and then, according to the argument, the amount is out of his jurisdiction, and the judgment void. It would follow, then, that the amount of indebtedness being ascertained by a jury, may, in such case, give jurisdiction ; but the same truth, when ascertained by the judge, or even by the confession oí the parties, has no such effect. The’ inconsistency cannot be reconciled; and, if Nance vs. Palmer be law, the decree in Sanders vs. Gage was right. And I now propose to prove it a sound decision.
The rationale of Nance vs. Palmer is that, if the creditor has prima facie proof that the debt amounts to more than $20, he may and must demand it in the circuit court. For, if he sue before a magistrate, his own evidence must put his case *172 out of court, and he would be without remedy. The counter evidence of the debtor, which may, or may not exist, and is unknown to the plaintiff, cannot therefore affect the jurisr diction, which necessarily depends on the case as proved by the plaintiff. Take, for illustration, the counter case to the one before us. A. sues B, before a magistrate, .for $15 and proves that amount: A. is in court. B. then adduces evidence to prove the debt $50. Can that take the case out of the jurisdiction, and take it out of court ? If it can, A. can get judgment no where; for, upon his own evidence, he must be non-suited in the circuit court; and his case is without a remedy. The same would be the case where A. sued B. for $80 in a sum.pro. and proved the amount, if B. should then prove the amount $90. A. would be non-suited upon B’s. evidence ; whereas the legal principle is that, if the plaintiff be properly in court by his own testimony, he can be put out only upon the merits; that is,, upon the trial of the issue made up. And this is the proper principle in Nance vs. Palmer. And the same principle illustrates well that the jurisdiction of the case now before the court depended upon the plaintiff’s evidence.
If the summary jurisdiction of the court were to depend upon the final amount of the indebtedness of the defendant, as apparent from his own evidence, then it would follow that, if A. has two notes of B., each lor fifty dollars, he could not sue B. on one, or each of the notes in the summary jurisdiction. For, upon its appearing, on the part of the defendant, that his whole demand, was an hundred dollars, A. would be rion-suited. This would also be the .case where the defendant reduces the plaintiff’s claim, by discount, to $20. But it is settled law, that, in either of these cases, the plaintiff’s claim is still within the jurisdiction. And, although it is sometimes said that the latter case is kept within the jurisdiction because reduced by discount, yet the true principle of all those adjudications, like that of Nance vs. Palmer, de *173 pends upon the plaintiff’s case, as shewn on his part. If he acted deceitfully, as by joining pretended causes of action, as said in Nance vs. Palmer, he could not succeed. Or, if he denied receipts given, these would form intrinsic and inseparable parts of his own case, or would constitute exceptions to the rule.
Let us now turn to the MSS. case of Caldwell vs. Garmany. I grant, according to that case, the claim in Sanders vs. Gage was out of the jurisdiction, and Sanders ought to have been non-suited upon the defendant’s evidence. We have then to decide between that case and Nance vs. Palmer, But the case of Nance vs. Palmer has been practised upon exclusively. It makes the plaintiff’s case, as proved by bim; the test of the jurisdiction. Onthe other hand, if the jurisdiction is made to depend upon the defendant’s evidence, no skill or learning can assure a creditor where he may bring his action.
But if such a principle is to prevail, then assuredly the defendant must first plead specially to the jurisdiction, pointing out the proper form, and why the plaintiff’s case is not the subject of the jurisdiction, within which it has been brought' with apparent right and reason. All such pleas to the jurisdiction require, for justice and safety to the plaintiff (Cowp. 172 ; 6 East. 583,) that the true jurisdiction be pointed out. Without such a plea, how are we to give judgment in such a case 1 We cannot decree nil capiat, nor for the defendant; because that would estop the plaintiff’s recovery in any court. We cannot non-suit the plaintiff, because he has sustained his claim to the extent of sixty-one dollars ; and we cannot arrest the judgment, because there is no fault in the record.
Is it not then plain that the plaintiff must have his judgment, unless the want of jurisdiction appears by his own shewing, or is spread upon the record by a plea that designates the more proper jurisdiction to which he may be referred for justice 1 And in summary jurisdiction, all special *174 defences must be pleaded. (Bailey vs. Wilson, 2 Bail. R. 15.) And I am supporting a decision made upon the record and evidence as presented, Thus, then, the case before us is referred back to the plain principle of Nance vs. Palmer; that is, if the allegata and probata of the plaintiff come with in the jurisdiction, the plaintiff cannot be put out of court, but upon the merits of his case, because a legal cause of action is first exhibited and then proved.